ALEX JOHNSON v. THE STATE.

No. 4018.   Decided December 9, 1908.

**Assault to Murder—First Application for Continuance.**

Where upon trial for assault to murder defendant's first application for continuance complied in all respects with the statutes, and it appeared that the absent testimony was material, although cumulative, the same should have been granted.

Appeal from the District Court of Angelina. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case,

W. J. *Townsend, Jr.,* for appellant.—Cited Harris v. State, 18 Texas Crim. App., 287; Adams v. State, 19 Texas Crim. App., 1; Irvine v. State, 20 Texas Crim. App., 13; Frazier v. State, 22 Texas Crim. App., 121; Wilson v. State, 18 Texas Crim. App., 576; Burnly v. State, 14 S. W. Rep., 1008; Porter v. State, 32 S. W. Rep., 692; Ninnon v. State, 17 Texas Crim. App., 650

F. J. *McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder and his punishment assessed at two years confinement in the penitentiary.

The only question we deem necessary to review is appellant's first application for continuance. The application in all respects complies with the statute, and asks a continuance for the want of the testimony of witnesses by whom he proposed to prove divers and sundry threats made by the prosecuting witness against appellant. It is true many threats were introduced during the trial of the case, but this being the first application, the fact that the absent testimony would be cumulative is not a legal reason for failing to grant same. It follows that the court erred in refusing to grant the continuance.

We do not deem it necessary to pass upon appellant's other assignments of error. But for the error discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*